IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| LAWRENCE CHARLES,<br>    Plaintiff,<br><br>v.<br><br>ROBERT ANDERSON, *et al.*,<br>    Defendants. | )<br>)<br>)<br>)   Case No. 1:24-cv-1095 (RDA/IDD)<br>)<br>)<br>)<br>) |

## **MEMORANDUM OPINION AND ORDER**

Proceeding *pro se*, Virginia inmate Lawrence Charles initiated this action on June 20, 2024, pursuant to 42 U.S.C. § 1983, alleging that nine defendants violated his constitutional rights by his "false arrest." Dkt. No. 1. On August 29, 2024, and September 6, 2024, Plaintiff filed identical motions to amend. Dkt. Nos. 6, 9, which were granted on November 21, 2024. Dkt. No. 12. The amended complaint ("AC") named eleven defendants that he alleged had deprived him of his constitutional right to "free speech, and expression;" "Fifth Amendment right to due process and a fair trial, his Sixth Amendment right to a fair trial, his Fourteenth Amendment right to equal protection and due process, and his right to be free from cruel and unusual punishment." Dkt. No. 6-1 at 17. Plaintiff sought monetary relief.

On May 14, 2025, following a premature appeal that Plaintiff withdrew on May 5, 2025, Dkt. No. 30, 31, the Court screened the AC, noted deficiencies, dismissed the AC without prejudice, and granted him leave "to file an amended complaint in compliance with the requirements of" the May 14, 2025 Order, Dkt. No. 32 at 12, which required that he

> nam[e] every person he wishes to include as a defendant, (ii) identify each claim he seeks to raise by letter or number, (iii) for each designated claim, he must submit a short, detailed statement of background facts that describes the specific conduct of each defendant whom he alleges violated his constitutional rights, including the facts giving rise to his complaint, the dates of each incident, the persons involved, the reasons why he believes each defendant is liable to him, the remedies sought, and (iv) cur[e] the deficiencies noted herein. Plaintiff must reallege all the facts

>from the original complaint in the amended complaint in compliance with this Order, and he must include his civil action number, 1:24cv1095 (RDA/IDD), on the first page of his second amended complaint.

*Id.* at 12-13. On June 23, 2025, Plaintiff filed his SAC, Dkt. No. 37, which named five defendants: Lorraine Goldberg, Detective; Katherine Goldberg, Deputy; Leon Washington, Squad Supervisor; Michael Chapman, Loudoun County Sheriff; and Loudoun County. *Id.* at 2-3. Because Plaintiff is a prisoner, the Court will screen his complaint.[1]

### I. Standard of Review

Pursuant to § 1915A, this Court must dismiss any claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's

---

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

>(1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
>
>(2) seeks monetary relief from a defendant who is immune from such relief.

2

well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

In order to screen a complaint, it must present a coherent, comprehensible, and intelligible document. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (a pleading must be presented "with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of the pleader's claims). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). For a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

While courts liberally construe *pro se* pleadings as a matter of course, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), "judges are not also required to construct a party's legal arguments for him." *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993). The requirement of liberal construction does not mean that the Court can ignore a deficient amended complaint. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990) ("The 'special judicial solicitude' with which a [court] should view such pro se complaints does not transform the court into an advocate."); *see Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) ("a district court should

not 'assume the role of advocate for the pro se litigant,'" and "may 'not rewrite'" a *pro se* party's pleadings); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (courts "cannot be expected to construct full blown claims from sentence fragments," and "transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party").

## II.    SAC[2]

*Claim 1.* Detective Lorraine Goldberg ("Defendant Goldberg") is alleged to have falsely arrested and imprisoned Plaintiff for strangulation on February 2, 2023, by deliberately providing false information to obtain the issuance of a warrant, which resulted in him being incarcerated for four months; and she maliciously prosecuted him for strangulation on February 2, 2023, by initiating criminal charges against Plaintiff that were not supported by reasonable cause or probable cause, charges that were eventually terminated in Plaintiff's favor. Dkt. No. 37 at 5. Plaintiff fails to include the alleged false information or explain why it is false. Greater specificity, including dates, would assist in providing context that would allow a response by Defendant Goldberg. Plaintiff also alleges that Defendant Goldberg surveilled him via "fake cell towers without a warrant" from August 2, 2023, through December 11, 2023; but he admits none of the alleged illegal surveillance was used against him in the strangulation case or in his current charges. *Id.* at 6.[3] Plaintiff does not allege what facts lead to the inference that Defendant Goldberg was

---

[2] Despite being specifically directed to label each claim, Plaintiff failed to do so. The numbers set forth herein are to provide clarity to an otherwise, at best, confused SAC.

[3] Although Plaintiff discusses numerous law enforcement officers in his amended complaint, he has only named four in his SAC as defendants.

4

involved in the alleged illegal surveillance. Plaintiff must allege facts that establish Defendant Goldberg was involved in each instance of alleged constitutional violations. *See infra* at 6-7.

*Claim 2.* Plaintiff alleges that Defendant Washington placed him in a "dangerous situation" while he was in the Loundoun County Adult Detention Center ("ADC") because Washington put him in a pod in which he had known enemies. Plaintiff was attacked and injured and then denied adequate medical care. *Id.* at 6. Here, Plaintiff does not provide specific factual allegations as to when and how Defendant Washington "knew" Plaintiff had enemies; who the enemies were (actual names) that attacked Plaintiff; when information regarding the enemies and potential danger was communicated to Defendant Washington, and who or how that information was communicated to Defendant Washington; the relevant dates; and the nature of the injuries. The Court will provide Plaintiff with guidance on a failure to protect claim should he decide to pursue it.

The Eighth Amendment requires prison officials "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 843 (1994). However, "not every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. To establish a claim for failure to protect from violence, plaintiff must show: (1) serious or significant physical or emotional injury and (2) that officials had a "sufficiently culpable state of mind." *Odom v. S.C. Dep't of Corr.*, 349 F.3d 765, 770 (4th Cir. 2003). The requisite state of mind is one of "'deliberate indifference' to inmate health or safety." *Id.* To be liable, the prison official "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). Defendants must have exhibited "deliberate or callous indifference of prison officials to *specific known risks of such*

5

harm." *Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987) (emphasis added); *see also Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997) ("True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk."). *Parrish* also observed that

> officials can be liable under the deliberate indifference standard only to the extent that they actually appreciate the risk factors in a given case, and only to the extent they make the *causal inference that the circumstances as they perceived them created a substantial risk of serious harm*. Holding officials accountable for risk factors that they did not actually recognize, while permissible if negligence were the standard of culpability, is not permissible when deliberate indifference is the standard.

*Id.* at 304 (emphasis added). In sum, *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998) (citing *Farmer*, 511 U.S. at 837).

The backdrop of many allegations that correctional officials failed to protect an inmate is the "unfortunate reality . . . that jails and prisons are dangerous places inhabited by violent people. The constitutional expectation 'is that guards act responsibly under the circumstances that confront them,' not that they anticipate every potential danger facing a [prisoner]." *Thomas v. Dart*, 39 F.4th 835, 842 (7th Cir. 2022) (citation omitted); *see also Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004) ("[P]risons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more."). Thus, "[a]ny time an individual is incarcerated, there is some risk that he may be a victim of violence at the hands of fellow inmates . . . ." *Westmoreland v. Brown*, 883 F. Supp. 67, 74 (E.D. Va. 1995). Therefore, a baseline risk of assault inherent to prison life cannot support an Eighth Amendment claim. *See Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008).

### III. Personal Involvement and *Monell* Claims

A § 1983 plaintiff must allege the personal involvement of a defendant. *See, e.g., Iqbal*, 556 U.S. at 675-77; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-94 (1978); *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985).

> To establish personal liability under § 1983, however, the plaintiff must "affirmatively show[] that the official charged acted personally in the deprivation of the plaintiff's rights." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (internal quotation marks omitted). That is, the official's "own individual actions" must have "violated the Constitution." *See Ashcroft v. Iqbal*, 556 U.S. 662, 676, (2009). Importantly, mere knowledge of such a deprivation does not suffice. *Wright*, 766 F.2d at 850.

*Williamson v. Stirling*, 912 F.3d 154, 171 (4th Cir. 2018); *see also Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (stating that in order to state a claim under § 1983, a plaintiff must show personal involvement on the part of each defendant official in the violation of his rights). Moreover, the Fourth Circuit has reiterated that "generalized, conclusory, and collective allegations" against groups—such as "Defendants"—fail to allege a "plausible" claim. *See Langford v. Joyner*, 62 F.4th 122, 125 (4th Cir. 2023) (holding the complaint failed to meet the plausibility standard when it did not set forth who the defendants were beyond being employees where he was incarcerated or in what capacity the defendants interacted with the plaintiff); *see also Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that *each* Government-official defendant, through the official's own individual actions, has violated the Constitution." (emphasis added)).

Here, Plaintiff does not allege any facts related to Defendant Katherine Goldberg, and she will be dismissed.

*Claims 3, 4, 5 and 6* are premised on a *Monell* theory of liability and are summarized as follows:

> *Claims 3 and 4.* Plaintiff alleges that, on information and belief, Defendant Goldberg's falsely arresting and maliciously prosecuting "individuals was consistent with an institutionalized practice of the Loudoun County Sheriff's

7

>Office, which was known to and ratified by Sheriff and County of Loudoun County, the Defendants at no time taken any effective action to prevent Loudoun County Sheriff Office personnel from continuing to engage in such behavior." *Id.* at 8.
>
>*Claim 5.* Plaintiff alleges, on information and belief, that Defendant Goldbergs' 'illegal surveillance of Plaintiff's phone without a warrant was consistent with an institutional practice of the Loudoun County Sheriff's Office, which was known to and ratified by Sheriff and County of Loudoun the Defendants at no time taken any effective action to prevent Loudoun County Sheriff Office personnel from continuing to engage in such behavior." *Id.*
>
>*Claim 6.* Plaintiff alleges, on information and belief, Sheriff Chapman and Loudoun County were on notice of the violations of defendant Goldberg and others "but took no steps to train them, correct their abuse of authority, or discourage their unlawful use of authority." *Id.* at 9.

In each of the *Monell* claims, Plaintiff alleges Defendants Chapman and Loudoun County had policies that supported Defendant Goldberg's alleged unconstitutional conduct. Plaintiff's *Monell* claims are conclusory and seek to find each defendant liable under a respondeat superior theory pursuant to *Monell*, 436 U.S. at 690, without alleging specific facts or causation.

>To hold a municipality responsible for a constitutional violation under *Monell*, a plaintiff must show that the municipality's policies were "the 'moving force' behind a deprivation of federal rights." *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999) (quoting *Monell*, 436 U.S. at 694). This requires a plaintiff to "demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). "[T]he municipality itself, through one of its policies or customs," must "cause[] the constitutional violation; *municipal liability cannot be premised on respondeat superior or vicarious liability.*" *Buffington v. Baltimore County*, 913 F.2d 113, 122 (4th Cir. 1990); *see also Estate of Jones v. City of Martinsburg*, 961 F.3d 661, 672 (4th Cir. 2020), as amended (June 10, 2020). Accordingly, a "rigorous" causation standard "must be applied to ensure that the municipality is not held liable solely for the actions of its employee[s]." *Carter*, 164 F.3d at 218 (quoting *Brown*, 520 U.S. at 405).
>
>Establishing causation requires a plaintiff to first identify a *specific deficiency* in a policy. *See Spell v. McDaniel*, 824 F.2d 1380, 1390 (4th Cir. 1987). "[S]cattershot" allegations of 'past generalized bad [municipal] behavior" causing "future generalized bad [municipal] behavior" are insufficient to establish causation. *Carter*, 164 F.3d at 218-19; *see Spell*, 824 F.2d at 1390 (requiring "a specific deficiency rather than general laxness or ineffectiveness"); *see also Buffington*, 913 F.2d at 122 ("It will not 'suffice to prove that an injury or accident could have been avoided if an officer had had *better or more training*, sufficient to equip him to avoid the particular injury-causing conduct.'" (quoting *City of Canton v. Harris*,

8

489 U.S. 378, 391 (1989))).

*Washington v. Hous. Auth. of the City of Columbia*, 58 F.4th 170, 182 (4th Cir. 2023) (emphasis added). In other words, a plaintiff must identify a "specific deficiency" and establish that deficiency's causal connection to "the specific violation." *Carter*, 164 F.3d at 218 (quoting *Spell*, 824 F.2d at 1390).

Where a complaint alleges "both a failure-to-train theory of *Monell* liability as well as a policy-or-custom theory," the district court correctly dismissed the complaint because it "contain[ed] only bare legal conclusions, not factual allegations that plausibly allege *Monell* liability." *Wright v. Louisville Metro Gov't*, 144 F.4th 817, 827 (6th Cir. 2025) (citing *Iqbal*, 556 U.S. at 678); *see McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) ("To state a *Monell* claim against the City for violation of [decedent's] right to equal protection, [plaintiff] was required to 'plead[] factual content that allows the court to draw the reasonable inference' that the City maintained a policy, custom, or practice of intentional discrimination against a class of persons to which [decedent] belonged." (citation omitted)); *see, e.g.*, *Missel v. County of Monroe*, 351 F. App'x 543, 546 (2d Cir. 2009) (district court properly concluded that allegations "that the County was aware of complaints about [a deputy's] conduct in past employment . . . does not provide a plausible basis for an inference that the County failed to give [the deputy] proper training as a County employee" because the "complaint [did] not contain any factual allegations to support these conclusory and speculative assertions"). Claims 3, 4, 5 and 6 fail to state a claim against either Sheriff Chapman or Loudoun Couty, and each will be dismissed.[4]

\* \* \* \*

The Court has already explained to Plaintiff that "judges are not . . . required to construct

---

[4] To the extent Claims 3, 4, 5, and 6 allege a claim against Defendant Goldberg, they are duplicative of the allegations set forth in Claim 1.

9

[his] legal arguments for him." *Small*, 998 F.2d at 417-18. Further, Plaintiff has been instructed on two previous occasions that a complaint must also comply with the requirements of Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(e)(1) requires that each averment of a pleading be "simple, concise, and direct." A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, again, there is no "short and plain statement" of a claim, together with the relevant facts stating the acts or omissions of specific named defendants.

Further, although Plaintiff seeks monetary damages stemming from his purportedly improper incarceration and pre-trial proceedings, any such litigation or relief would interfere with pending state criminal proceedings.[5] A federal court will generally abstain from interfering in pending state criminal proceedings absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 45-46 (1971); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989) ("[F]ederal courts may not enjoin a pending state criminal prosecution, absent a clear showing that

---

[5] To recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Ballenger v. Owens*, 352 F.3d 842, 846-47 (4th Cir. 2003) (where evidence of offense was uniquely available from search and seizure, § 1983 claim alleging the search was illegal was barred by *Heck*). Plaintiff has six pending indictments set for trial in the Circuit Court of Loudon County, Virginia, beginning on March 30, 2026. The six indictments are for strangulation, abduction, malicious wounding, and three counts of violation of a protective order. *See* https://eapps.courts.state.va.us/ (Circuit Court Tab, Loudoun County Tab) (search "Charles, Lawrence") (last viewed Nov. 13, 2025); *Colonial Perm Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("most frequent use of judicial notice of ascertainable facts is in noticing the content of court records") (collecting cases); *see, e.g., Lynch v. Leis*, 382 F.3d 642, 647 & n.5 (6th Cir. 2004) (taking judicial notice of state court records available to public online).

'defense of the . . . prosecution will not assure adequate vindication of constitutional rights.'" (quoting *Younger*, 401 U.S. at 48-49)). "[F]ederal courts should abstain from the decision of constitutional challenges to state action, however meritorious the complaint may be, 'whenever [the] federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'" *Cinema Blue*, 887 F.2d at 52 (quoting *Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 237-38 (1984)); *see also Lighthouse Fellowship Church v. Northam*, 462 F. Supp. 3d 635, 646 (E.D. Va. 2020) ("Where a federal plaintiff has 'a substantial stake in the state proceedings' or has interests that are 'intertwined' with the interests of a party to the state proceedings, abstention—sometimes referred to as derivative abstention—may be appropriate . . . ." (quoting *Hicks v. Miranda*, 422 U.S. 332, 348-39 (1975))). The claims against the law enforcement officers appear to be intertwined with the pending criminal proceedings, and thus the *Younger* abstention doctrine applies to the claims, confused as they are, against the law enforcement officers.

Accordingly, it is hereby

**ORDERED** that the complaint be and is **HEREBY DISMISSED** without prejudice, to allow Plaintiff to file an amended complaint in compliance with the requirements of this order; and it is

**FURTHER ORDERED** that Plaintiff particularize and amend his Complaint within thirty (30) days of the date of this Order using the enclosed standardized §1983 complaint form by (i) naming every person he wishes to include as a defendant, (ii) identify each claim he seeks to raise by letter or number, (iii) for each designated claim, he must submit a short, detailed statement of background facts that describes the specific conduct of each defendant whom he alleges violated his constitutional rights, including the facts giving rise to his complaint, the dates of each incident,

11

the persons involved, the reasons why he believes each defendant is liable to him, the remedies sought, and (iv) curing the deficiencies noted herein. Plaintiff must reallege all the relevant facts from his previous complaints in compliance with this Order, and he must include his civil action number, **1:24cv1095 (RDA/IDD)**, on the first page of his third amended complaint. Plaintiff is advised that this third amended complaint will serve as the sole complaint in this civil action; and it is

**FURTHER ORDERED** that Plaintiff's failure to comply with any part of this Order within thirty (30) days from the entry of this Order, or failure to notify the Court immediately upon being transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk is directed to send a copy of this Order and a § 1983 form to Plaintiff.

Entered this __14__ day of __November__ 2025.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge